**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY NAULA and ENRIQUE TIZOL, *individually and on behalf of others similarly situated,* *Plaintiffs*, <br><br> -against- <br><br> FIORENTINO RISTORANTE, INC. (d/b/a FIORENTINO'S RISTORANTE), ANTHONY FIORENTINO and HELEN DOE, <br><br> *Defendants.* | 15-cv-4100 <br><br> **SETTLEMENT AGREEMENT** <br> **AND** <br> **<u>GENERAL RELEASE</u>** |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs ANTHONY NAULA and ENRIQUE TIZOL ("Plaintiffs") on the one hand and FIORENTINO RISTORANTE, INC. (d/b/a FIORENTINO'S RISTORANTE), ANTHONY FIORENTINO and HELEN DOE (collectively the Defendant Corporation and the Individual Defendants are the "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 1:15-cv-4100 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the sum of One Hundred Twelve Thousand Dollars (**$112,000.00**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys in thirteen (13) installments, as follows:

(a)     Installment One: A check in the amount of Thirty Five Thousand Dollars ($35,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel ten (10) days following approval of the court, delivered to Plaintiffs' counsel upon execution of the settlement documents. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(b)     Installment Two: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before forty (40) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(c)     Installment Three: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before seventy (70) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(d)     Installment Four: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before one hundred (100) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(e)     Installment Five: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before one hundred thirty (130) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(f)     Installment Six: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before one hundred sixty (160) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(g)     Installment Seven: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before one hundred ninety (190) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(h)     Installment Eight: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before two hundred twenty (220) days following approval of the court. Determination of the Plaintiffs' share,

counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(i) Installment Nine: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before two hundred fifty (250) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(j). Installment Ten: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before two hundred eighty (280) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(k) Installment Eleven: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before three hundred ten (310) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(l) Installment Twelve: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before three hundred forty (340) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(m) Installment Thirteen: A post-dated check in the amount of Six Thousand Four Hundred Sixteen Dollars and Sixty Six Cents ($6,416.66) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before three hundred seventy (370) days following approval of the court. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

2(a). Plaintiff shall submit all documents necessary to obtain dismissal of this action with prejudice as against the Settling Defendants; however the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of Settling Defendants' failure to adhere to the payment schedule by a breach and failure to cure as described below

2(b). At the time of the execution of the Settlement Agreement, the Settling Defendants shall sign Affidavits of Confession of Judgment, the forms of which are appended hereto as Exhibit A. The Settling Defendants shall deliver the executed Affidavits of Confession of Judgment to Plaintiffs' attorneys. Plaintiffs' attorneys shall hold the Affidavits of Confession of Judgment in escrow. In the event that the Settlement Amount is not paid by the payment dates set forth in paragraph 1 above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for the Settling Defendants by overnight registered mail, and the Defendants shall have ten (10) days from the date

of delivery of the Default Notice to cure the default by making such payment together with any bank penalties incurred by Plaintiffs and the costs of providing Settling Defendants notice by registered mail. Upon Settling Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment, the form of which is appended hereto as Exhibit A. Upon full satisfaction by the Defendants of the terms of this Settlement Agreement, Defendants' attorney may demand that Plaintiffs' attorney return the Affidavits of Confession of Judgment to Defendants' attorney, and Plaintiffs' attorney shall return the Affidavits of Confession of Judgment upon such demand

2(c).    Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement. Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

3.    <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating to their employment with Defendants and regarding any events claimed to have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, such Plaintiffs' employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Older Workers' Benefit Protection Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorney's fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, <u>except that</u> nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect their right or ability to enforce this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs regarding events that have occurred as of the Effective Date of this Agreement.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Dismissal of the Litigation</u>: Plaintiffs shall file, within seven (7) days of receipt of the executed Settlement Agreement and payment in accordance with paragraph 1(a), a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. <u>Acknowledgment</u>: Each Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 2540
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Lance Lazzaro
Lazzaro Law Firm, P.C.
360 Court St.
Suite 3
Brooklyn, NY 11231
718-488-1900
Fax: 718-488-1927

Email: LLazzaro@lazzarolawfirm.net

Roger B. Greenberg
Lazzaro Law Firm, PC
360 Court Street, #3
Brooklyn, NY 11231
(718)488-1900
Fax: (718)488-1927
Email: lazzgreglaw@aol.com

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiffs confirm that this Settlement Agreement and General Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

PLAINTIFFS:

Dated: 5/26/16 _____
Antonio
ANTHONY NAULA

Dated: 5/27/16 _____
ENRIQUE TIZOL

DEFENDANTS:

Dated: May 25, 2016 _____
ANTHONY FIORENTINO, individually and as
Owner and President of FIORENTINO
RISTORANTE, INC.

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF New York  )

On May 26, 2016 before me personally came to me ~~ANTHONY~~ Antonio NAULA, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166515
Qualified in New York County
Commission Expires ~~August 17, 2015~~
Jan. 8, 2020

_____
Notary Public

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF New York  )

On May 27, 2016 before me personally came to me ENRIQUE TIZOL, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166515
Qualified in New York County
Commission Expires ~~August 17, 2015~~
Jan 8, 2020

_____
Notary Public

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF           )

On May 25, 2016 before me personally came to me ANTHONY FIORENTINO, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public



STATE OF NEW YORK   )
                    ) ss:
COUNTY OF Kings     )

On the 25 day of May, 2016, before me personally came ANTHONY FIORENTINO, as the authorized manager of FIORENTINO RISTORANTE, INC. (d/b/a FIORENTINO'S RISTORANTE), to me known who, being by me duly sworn, did depose that he is the authorized manager of JONIKAL INC. (d/b/a FIORENTINO'S RISTORANTE), and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

Fiorentino Ristorante
Inc,

_____
Notary Public



**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY NAULA and ENRIQUE TIZOL, *individually and on behalf of others similarly situated*,
        Plaintiffs,

-against-

FIORENTINO RISTORANTE, INC. (d/b/a FIORENTINO'S RISTORANTE), ANTHONY FIORENTINO and HELEN DOE,

        *Defendants.*

15-cv-4100

**STIPULATION OF DISCONTINUANCE**

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: New York, New York
    March___, 2016

_____
Lance Lazzaro
Lazzaro Law Firm, P.C.
360 Court St.
Suite 3
Brooklyn, NY 11231
718-488-1900
Fax: 718-488-1927
Email: LLazzaro@lazzarolawfirm.net
*Attorney for Defendants*

_____
Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd. St. Suite 2540
New York, NY 10165
Tel.: 212.317.1200
*Attorneys for Plaintiffs*

**EXHIBIT B**

NEW YORK STATE SUPREME COURT
NEW YORK COUNTY
---------------------------------------------------------------X
ANTHONY NAULA and ENRIQUE TIZOL, *individually
and on behalf of others similarly situated,*
                                   *Plaintiffs,*

              -against-

FIORENTINO RISTORANTE, INC. (d/b/a
FIORENTINO'S RISTORANTE), ANTHONY
FIORENTINO and HELEN DOE,

                                  *Defendants.*
---------------------------------------------------------------X

                                                                          <u>AFFIDAVIT OF</u>
                                                                          <u>CONFESSION</u>
                                                                          <u>OF JUDGMENT</u>

STATE OF NEW YORK   )
                              ) ss.
COUNTY OF NEW YORK )

        ANTHONY FIORENTINO, being duly sworn, deposes and says:

        1.     I, ANTHONY FIORENTINO, am the Chairman or Chief Executive Officer of FIORENTINO'S RISTORANTE, INC. with the principal place of business located at *313 Ave U Bklyn, N.Y 11223*

        2.     I reside at *421 Beach 136th St Belle Harbor, N.Y 11694*

        3.     I have authority to sign on behalf of FIORENTINO'S RISTORANTE, INC. and I am duly authorized to make this affidavit on the undersigned entity's, behalf.

        4.     Provided there shall have been an event of default in the payment of the sums due under the settlement agreement and such default has continued uncured and unpaid for a period in excess of ten (10) days after notice and an opportunity to cure, then, upon submission of Plaintiffs' counsel's attorney affirmation attesting to such default under oath on behalf of FIORENTINO'S RISTORANTE, INC., I hereby confess judgment and authorize entry of judgment against FIORENTINO'S RISTORANTE, INC. in favor of Plaintiffs for the sum of $168,000.00, <u>less any</u>

<u>payments previously received</u> pursuant to the terms of the Settlement Agreement and General Release, together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

5. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each of FIORENTINO'S RISTORANTE, INC. and ANTHONY FIORENTINO, jointly and severally, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

_____
ANTHONY FIORENTINO as Chief Executive Officer of FIORENTINO'S RISTORANTE, INC.

Sworn to before me this
25 day of May of 2016

_____
Notary Public



ROGER B GREENBERG
Notary Public, State of New York
No. 02GR6305743
Qualified in New York County
Commission Expires June 09, 20__